NOAH A. KATSELL (Bar No. 217090)
noah.katsell@dlapiper.com
CHELSEA N. MUTUAL (Bar No. 299656)
chelsea.mutual@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

ISABELLE ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
HECTOR E. COREA (Bar No. 318971)
hector.corea@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Defendants
MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS
INC.; LEGOLAND CALIFORNIA, LLC; MERLIN
ENTERTAINMENTS SHORT BREAKS LLC; MADAME
TUSSAUDS HOLLYWOOD LLC; MADAME TUSSAUDS
SAN FRANCISCO LLC; and SAN FRANCISCO
DUNGEON LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE CASE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS INC., a Delaware corporation; LEGOLAND CALIFORNIA, LLC, a Delaware limited liability company; MERLIN ENTERTAINMENTS SHORT BREAKS LLC, a Delaware limited liability company; MADAME TUSSAUDS HOLLYWOOD LLC, a Delaware limited liability company; MADAME TUSSAUDS SAN FRANCISCO LLC, a Delaware limited liability company; and SAN FRANCISCO DUNGEON LLC,<br><br>                    Defendants. | CASE NO. 3:20-CV-01049-JAH-MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date:      September 2, 2020<br>Time:     10:30 a.m.<br>Crtrm:   13B<br>Judge:   Hon. John A. Houston<br><br>Complaint Filed: June 8, 2020<br>Trial Date:   None Set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL BACKGROUND ...................................................................... 3

III.  LEGAL STANDARD ................................................................................ 5

      C.   Plaintiff Must Meet Heightened Rule 9(b) Standards. ....................... 6

IV.   PLAINTIFF LACKS ARTICLE III AND STATUTORY STANDING ....... 6

V.    PLAINTIFF'S CONTRACT-BASED CLAIMS SHOULD BE
      DISMISSED. ............................................................................................. 10

      A.   Plaintiff Fails to State a Claim for Breach of Contract..................... 10

           1.   LEGOLAND Did Not Breach a Contract with Plaintiff. ........ 10

           2.   Plaintiff Has No Contract Damages. ....................................... 13

      B.   Plaintiff Fails to State a Claim for Money Had and Received or
           Conversion. .......................................................................................... 14

VI.   PLAINTIFF'S FRAUD-BASED CLAIMS SHOULD BE DISMISSED. .. 15

      A.   Plaintiff Fails to State a Claim Under the CLRA, UCL, or FAL,
           or for Fraud or Negligent Misrepresentation. .................................. 15

           1.   Plaintiff Fails to Allege a Specific Statement Regarding
                Access to LEGOLAND with the Requisite Particularity........ 17

           2.   Plaintiff Fails to Plausibly Allege That a Reasonable
                Consumer Would Be Deceived. ............................................... 18

           3.   Plaintiff Fails to Plausibly Allege Reliance............................. 19

           4.   Plaintiff Fails to Plausibly Allege Defendants' Knowledge
                of Purportedly False Statements. ............................................ 20

           5.   Plaintiff Fails to Plausibly Allege Injury................................. 21

B.    The CLRA Claim Must Be Dismissed for Failure to Comply with § 1780(d) and Because LEGOLAND Tickets Are Not Goods or Services. ..............................................................21

C.    Plaintiff's Claims for Equitable Restitution Fail Because She Has Not Alleged Inadequate Remedies at Law..........................................22

VII.   THE UNJUST ENRICHMENT CLAIM MUST BE DISMISSED. ...........23

VIII.  PLAINTIFF CANNOT REPRESENT A NATIONWIDE CLASS. ...........24

IX.    CONCLUSION ..............................................................................25

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<small>CASES</small>

*Abbit v. ING USA Annuity & Life Ins. Co.*
  999 F. Supp. 2d 1189 (S.D. Cal. 2014) ........................................................... 11, 13

*Alaei v. Rockstar, Inc.*,
  224 F. Supp. 3d 992 (S.D. Cal. 2016) ................................................................. 21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 5

*Augustine v. Talking Rain Bev. Co., Inc.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ............................................................... 25

*Bauman v. Australian Gold, LLC*,
  2019 WL 2329886 (S.D. Cal. May 31, 2019) ......................................................... 9

*Berry v. Am. Express Publ'g, Inc.*,
  147 Cal. App. 4th 224 (2007) ............................................................................... 22

*Brown v. Starbucks Corp.*,
  2019 WL 4183936 (S.D. Cal. Sept. 3, 2019) ....................................................... 25

*Bruton v. Gerber Prods. Co.*,
  2014 WL 172111 (N.D. Cal. Jan. 15, 2014) ........................................................... 7

*Carpenter v. PetSmart, Inc.*,
  441 F. Supp. 3d 1028 (S.D. Cal. 2020) ............................................................... 24

*Correia v. Johnson & Johnson Consumer Inc.*,
  2019 WL 2120967 (C.D. Cal. May 9, 2019) ........................................ 8, 16, 18, 19

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ................................................................................. 4

*De Salles v. Cook*,
  2016 WL 9113995 (C.D. Cal. May 12, 2016) ......................................................... 6

*Farrington v. A. Teichert & Son, Inc.*,
  59 Cal. App. 2d 468 (1943) ................................................................................. 15

*Frenzel v. Aliphcom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) ................................................................ 19, 20

*Gross v. Symantec Corp.*,
   2012 WL 3116158 (N.D. Cal. July 31, 2012) ...................................................... 17

*Haley Hill Designs, LLC v. United Parcel Serv., Inc.*,
   2009 WL 4456209 (C.D. Cal. Nov. 23, 2009) ...................................................... 11

*Hall v. Sea World Entm't, Inc.*,
   2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ...................................................... 22

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) .............................................................. 12

*In re Pacquiao-Mayweather Boxing Match Pay-Per-View*,
   942 F.3d 1160 (9th Cir. 2019) ............................................................................... 8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) ................................................................ 22

*Jackson v. Gen. Mills*,
   2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) .................................................... 25

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................................... 6

*Kim v. Westmoore Partners, Inc.*,
   201 Cal. App. 4th 267 (2011) ............................................................................. 15

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   114 S. Ct. 1673 (1994) .......................................................................................... 5

*La Bella v. Ahn*,
   2011 WL 13356149 (S.D. Cal. Sept. 28, 2011) .................................................. 24

*Lazebnik v. Apple, Inc.*,
   2014 WL 4275008 (N.D. Cal. Aug. 29, 2014) .................................................... 22

*Lee v. Am. Nat'l Fire Ins. Co.*,
   260 F.3d 997 (9th Cir. 2001) ............................................................................ 8, 9

*Loiseau v. VISA USA Inc.*,
   2010 WL 4542896 (S.D. Cal. Feb. 10, 2010) ............................................... 14, 24

*Lyons v. Coxcom, Inc.*,
    718 F. Supp. 2d 1232 (S.D. Cal. 2009) ........................................................ 10, 13

*Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc.*,
    2011 WL 11501 (N.D. Cal. Jan. 4, 2011) ........................................................ 14

*McGarry v. Delta Air Lines, Inc.*,
    2019 WL 2558199 (C.D. Cal. June 18, 2019) .................................................... 5

*McKell v. Washington Mut., Inc.*,
    142 Cal. App. 4th 1457 (2006) ................................................................ 15, 24

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) .......................................................... 23

*Ontario Deciduous Fruit-Growers' Ass'n v. Cutting Fruit-Packing Co.*,
    134 Cal. 21 (1901) ................................................................................ 14

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
    96 F.3d 1151 (9th Cir.1996) ................................................................ 14, 24

*Park v. Morgan Stanley & Co.*,
    2012 WL 589653 (C.D. Cal. Feb. 22, 2012) ...................................................... 10

*Patent Scaffolding Co. v. William Simpson Const. Co.*,
    256 Cal. App. 2d 506 (1967) .................................................................... 14

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs,*
    *Glaser, Weil & Shapiro, LLP*,
    150 Cal. App. 4th 384 (2007) ................................................................... 15

*Rhynes v. Stryker Corp.*,
    2011 WL 2149095 (N.D. Cal. May 31, 2011) ..................................................... 23

*Rosenkrantz v. Ariz. Bd. Of Regents*,
    2020 WL 4346754 (D. Ariz. July 29, 2020) ...................................................... 23

*Rovai v. Select Portfolio Servicing, Inc.*,
    2018 WL 3140543 (S.D. Cal. June 27, 2018) ..................................................... 12

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) .................................................................... 5

*Safjr v. BBG Commc'ns, Inc.*,
    2011 WL 902296 (S.D. Cal. Mar. 15, 2011) ..................................................... 7, 8

*Salazar v. Honest Tea, Inc.*,
    74 F. Supp. 3d 1304 (E.D. Cal. 2014) ................................................................. 8

*Silcox v. State Farm Mut. Auto. Ins. Co.*,
    2014 WL 7335741 (S.D. Cal. Dec. 22, 2014) ..................................................... 18

*Smith Micro Software, Inc. v. Reliance Commc'ns, LLC*,
    2020 WL 225074 (C.D. Cal. Jan. 14, 2020) ....................................................... 24

*Sonner v. Premier Nutrition Corp.*,
    962 F.3d. 1072 (9th Cir. 2020) ................................................................... 22, 23

*Spokeo, Inc. v. Robbins*,
    136 S. Ct. 1540 (2016) ........................................................................................ 6

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ........................................................................... 11

*Sud v. Costco Wholesale Corp.*,
    229 F. Supp. 3d 1075 (N.D. Cal. 2017) ............................................................... 8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................... 3, 6

*U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*,
    2013 WL 6055387 (S.D. Cal. Nov. 13, 2013) .................................................... 15

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ............................................................................... 3

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................ 6, 17

*Warner v. Tinder*,
    105 F. Supp. 3d 1083 (C.D. Cal. 2015) ............................................................. 21

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ......................................................................... 5, 9

*Williamson v. McAfee, Inc.*,
    2014 WL 4220824 (N.D. Cal. Aug. 22, 2014) ................................................... 22

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ........................................................................... 20

*Woods v. Asset Res.*,
    2006 WL 3782704 (E.D. Cal. Dec. 21, 2006)......................................................10

*Zentmeyer v. United States*,
    2014 WL 12493281 (S.D. Cal. Apr. 8, 2014) ........................................................5

**STATUTES**

California Civil Code § 1780(d) ..................................................................................21

Consumer Legal Remedies Act ........................................................................21, 22, 23

False Advertising Law ..............................................................................................22, 23

Unfair Competition Law ...........................................................................................22, 23

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .................................................................................2, 6, 17, 20

Fed. R. Civ. P. 12(b)(1) ...................................................................................5, 6

Fed. R. Civ. P. 12(b)(6) ...................................................................................3, 5

Fed. R. Evid. 201(b) ......................................................................................3

## I.     **INTRODUCTION**

Plaintiff Joyce Case filed this putative class action against Defendants Merlin Entertainments Group U.S. Holdings, Inc., Merlin Entertainments Short Breaks, LLC, LEGOLAND California, LLC ("LEGOLAND"), Madam Tussauds Hollywood, LLC, Madam Tussauds San Francisco, LLC, and San Francisco Dungeon, LLC (collectively, "Defendants") in the wake of the novel coronavirus disease 2019 ("COVID-19") global pandemic, which unleashed unprecedented and unanticipated threats to health and safety.  Although LEGOLAND was required by California State and San Diego County officials to temporarily close in March 2020 and despite the fact that Plaintiff holds valid tickets to LEGOLAND for use when LEGOLAND reopens, Plaintiff contends that LEGOLAND is "cancelled" and therefore she is entitled to a refund.  Her claims are without merit and should be dismissed.

Plaintiff's broad array of claims sound in both tort and contract and allege that Defendants failed to permit her access to LEGOLAND or to provide a refund for her non-refundable LEGOLAND tickets when it temporarily closed.  But Plaintiff did not purchase the tickets she now has in her possession—they were purchased by a Girl Scout troop leader with a Girl Scout credit card.  Moreover, Plaintiff is in possession of tickets to LEGOLAND—which remain valid—yet she seeks to represent a purported class of ticket purchasers and purchasers of other offerings such as vacation packages, not just to LEGOLAND, but also to other attractions named in this lawsuit. Plaintiff also seeks to reach back four years, claiming that Defendants fraudulently induced her and other class members to buy non-refundable tickets for time periods when Defendants knew the attractions would be closed.  But no one could have predicted the global pandemic and resulting shutdown orders that have ensued over the last five months, let alone their effect on Defendants' attractions.  Plaintiff's allegations are simply not plausible or sufficient to state any claim against Defendants.

Plaintiff's Complaint is, in a word, overreaching.  She seeks to assert claims for offerings she did not purchase (and not does not identify), against Defendants from

which she bought nothing, for attractions she never visited or intends to visit, on behalf of a vast putative nationwide class, and seeks sweeping relief to which she is not entitled as a matter of law. All of Plaintiff's claims fail for the reasons set forth below and, respectfully, the Court should dismiss them.[1]

*First*, Plaintiff lacks Article III and statutory standing for four independent reasons:  Plaintiff (1) did not purchase the tickets from LEGOLAND and is therefore not the proper party to bring this lawsuit, (2) has not suffered any cognizable injury because she has valid tickets to LEGOLAND she can use when it reopens, (3) cannot assert claims against any of the non-LEGOLAND Defendants from which she did not make a purchase, and (4) cannot assert claims related to offerings other than LEGOLAND tickets that neither she nor her alleged "agent," the troop leader, purchased.  This Court thus lacks subject matter jurisdiction over Plaintiff's claims.

*Second*, Plaintiff fails to state a breach of contract claim because: (1) she is not party to any contract with any Defendants; (2) even if she was, Defendants did not breach; and (3) even assuming breach, Plaintiff suffered no damages.  Moreover, her claim is precluded by LEGOLAND's force majeure clause and the doctrine of impossibility.  Plaintiff's tagalong common law claims for money had and received and conversion must necessarily be dismissed as well.

*Third*, Plaintiff's CLRA, UCL, FAL, fraud, and negligent misrepresentation claims all fail to state a claim because the Complaint fails to identify with particularity any false or misleading representation by any Defendant that would mislead a reasonable consumer.  Fed. R. Civ. P. 9(b).  Plaintiff's CLRA, UCL, and FAL claims also require dismissal for additional, independent reasons in Section VI below.

/////

/////

---

[1] If Plaintiff's Complaint proceeds beyond the dismissal stage at all, it must be significantly narrowed to, at most, a putative class of LEGOLAND California individual ticket holders affected by COVID-19, as set forth in Section IV.

*Fourth*, even if some portion of Plaintiff's Complaint survives, Plaintiff is precluded from seeking certain relief, including restitution and punitive damages, and from representing a nationwide class.

## II.   FACTUAL BACKGROUND

Plaintiff has three discounted "day-tickets" to LEGOLAND California ("LEGOLAND"), "a theme park, miniature park, and aquarium located in Carlsbad, California thematically based on the Lego toy brand." *See* Compl. ¶¶ 2, 32. Plaintiff alleges that an unidentified Girl Scout troop leader purchased those tickets as her "agent" for a March 21, 2020 group trip. *Id.* ¶¶ 32–34. "Ms. Case gave the troop leader a check for $114 for her three tickets ($38 per ticket), and a "girl scout credit card was used to purchase all the troop members' tickets." *Id.* ¶¶ 33, 34. The tickets are non-refundable. Ex. 3.[2]

Before Plaintiff's trip "COVID-19 took hold in the United States in March 2020." Compl. ¶ 7. "To prevent the spread of disease, thousands of restaurants, movie theatres, amusement parks, and other entertainment venues, like Legoland California and Defendants' other attractions, were closed as much of the country took shelter at home." *Id.* ¶ 8. Due to COVID-19, on March 13, 2020, the San Diego County Public Health Officer issued an order prohibiting all "large gatherings." Ex. 1.[3] Under government order, LEGOLAND "closed as a result of COVID-19 on or

---

[2] All exhibits cited herein are attached to the Declaration of Isabelle L. Ord in Support of Defendants' Motion to Dismiss. As set forth in Defendants' Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), the Court may properly consider facts and documents, such as LEGOLAND's terms and conditions, that are incorporated by reference in the Complaint. *See La Jolla Spa MD, Inc. v. Avidas Pharmas.*, 2017 WL 4870374, at *3 (S.D. Cal. Oct. 27, 2017) ("The Complaint relies on and references the Contract, which accordingly is appropriate for incorporation by reference."); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

[3] The state and local government orders are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201(b) and are also incorporated by reference

about March 16, 2020 and remains closed until further notice."  Compl. ¶ 26. Thereafter, on March 19, 2020, Governor Newsom issued a state-wide "stay-at-home" order for all non-essential worker residents of California.  Ex. 2.

Plaintiff claims that her "troop leader tried to have the tickets refunded through phone calls and emails with Defendants' personnel, even before the park gave notice on or about March 13, 2020 that it would close, but Defendants refused."  Compl. ¶ 35. In response to COVID-19, LEGOLAND established a "Peace of Mind" policy allowing ticket holders "to reschedule individually within a year of the scheduled date without any additional fees," including "tack[ing] on to the expiration date the period of time that Legoland California is ultimately closed."  *Id.* ¶ 36.  Although Plaintiff's tickets are part of a group booking, Plaintiff admits that she holds valid tickets and can individually reschedule her visit when LEGOLAND reopens.  *Id.*

Plaintiff seeks to represent a nationwide class of "[a]ll persons residing in the United States who paid monies during the period from March 13, 2016 until the applicable opt-out date, inclusive, to have access to attend one or more of Defendants' attractions during the period such attractions were closed," and a California class of "[a]ll persons residing in the United States who paid monies during the period from March 13, 2016 until the applicable opt-out date, inclusive, to have access to attend one or more of Defendants' attractions in California during the period such attractions were closed."  Compl. ¶¶ 39, 40.  On behalf of herself and these putative classes, Plaintiff asserts nine claims:  violations of California consumer protection statutes (Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL")) and claims for fraud, negligent misrepresentation, breach of contract, money had and received, conversion, and unjust enrichment. These claims all center on a theory that Defendants allegedly breached a contractual

---

in Plaintiff's Complaint.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("it is appropriate to take judicial notice of [] information . . . made publicly available by government entities"); *see also* RJN.

obligation to refund or misrepresented the availability of refunds and access to its attractions.  Plaintiff also seeks injunctive relief, declaratory relief, restitution, actual and statutory damages, punitive damages, and costs and fees.  Compl. ¶¶ 35–36.

### III.   LEGAL STANDARD

#### A.   Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits parties to "seek to dismiss a complaint for 'lack of jurisdiction over the subject matter.'"  *Zentmeyer v. United States*, 2014 WL 12493281, at \*1 (S.D. Cal. Apr. 8, 2014) (quoting Fed. R. Civ. P. 12(b)(1)).  Standing is a jurisdictional challenge under Article III properly evaluated pursuant to Rule 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Plaintiff, as the party seeking to invoke the jurisdiction of this Court, has the burden of establishing that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994).  On a factual challenge to jurisdiction, the Court "need not presume the truthfulness of plaintiffs' allegations," *White*, 227 F.3d at 1242, and the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

#### B.   Rule 12(b)(6) Motion to Dismiss

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *McGarry v. Delta Air Lines, Inc.*, 2019 WL 2558199, at \*2 (C.D. Cal. June 18, 2019) (quoting *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)). The Court must rely on "judicial experience and common sense" in determining whether a plaintiff meets the burden. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009); *McGarry*, 2019 WL 2558199, at \*2.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In deciding a 12(b)(6) motion, "a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents

1  subject to judicial notice." *De Salles v. Cook*, 2016 WL 9113995, at *2 (C.D. Cal.
2  May 12, 2016) (citing *Ritchie*, 342 F.3d at 908).

3        **C.**    **Plaintiff Must Meet Heightened Rule 9(b) Standards.**

4        Plaintiff's CLRA, UCL, FAL, negligent misrepresentation, and fraud claims
5  are all grounded in allegedly fraudulent representations and subject to Rule 9(b)'s
6  heightened pleading standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125
7  (9th Cir. 2009). This requires Plaintiff to "state with particularity the circumstances
8  constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), Plaintiff
9  must specifically identify the "who, what, when, where, and how" of the alleged
10  misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).
11  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together";
12  it requires a plaintiff to state allegations as to each defendant regarding that
13  defendant's alleged participation in the fraud. *Swartz*, 476 F.3d at 764–65.

14  **IV.**    **PLAINTIFF LACKS ARTICLE III AND STATUTORY STANDING.**

15        Plaintiff lacks Article III and statutory standing for four reasons.  Plaintiff:
16  (1) did not purchase the tickets for which she seeks a refund and is not the proper
17  party; (2) has not suffered cognizable injury because she received and retains valid
18  tickets to gain admission to LEGOLAND—and thus has not lost any money or
19  property; (3) cannot assert claims against any Defendant from which she did not make
20  a purchase; and (4) cannot assert claims related to purchases from any Defendant that
21  neither she nor her purported agent made (as to LEGOLAND and other attractions)
22  because they are not substantially similar to Plaintiff's LEGOLAND tickets.

23        Article III of the Constitution limits the exercise of the judicial power to "cases
24  or controversies." To survive a challenge to standing under Rule 12(b)(1), the
25  "plaintiff 'must clearly allege facts demonstrating' each element" of standing: (1) an
26  injury-in-fact; (2) fairly traceable to the challenged conduct of the defendant; and (3)
27  that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robbins*,
28  136 S. Ct. 1540, 1547 (2016). The CLRA, UCL, and FAL also require a plaintiff to

demonstrate standing. *Bruton v. Gerber Prods. Co*., 2014 WL 172111, at *6 (N.D. Cal. Jan. 15, 2014). Thus, the plaintiff "must allege that she relied on the defendant's alleged misrepresentations" and that she "suffered economic injury as a result" of that reliance. *Id.* (citing California cases). Plaintiff fails to do so here.

*First*, Plaintiff lacks standing because she did not purchase anything from any of the Defendants. Plaintiff alleges that she "was one of a group of parents in the girl scout troop who asked one of the troop leaders as their agent to handle the purchase of 47 day-tickets (adult and child) for the March 21st trip. . . . A girl scout credit card was used to purchase all the troop members' tickets, with a $50 deposit in January 2020, and the balance paid on or about March 9th." Compl. ¶¶ 33–34. Plaintiff further alleges that "[o]ne or more membership passes were also purchased from Defendants," but does not allege that **she** purchased a membership pass. *Id.* ¶ 34. Thus, Plaintiff made no purchase, and as a result, lacks standing to bring any claim against any of the Defendants. *See Safjr v. BBG Commc'ns, Inc*., 2011 WL 902296, at *2 (S.D. Cal. Mar. 15, 2011).

*Safjr* is on point. There, plaintiffs filed a class action related to undisclosed charges when placing phone calls from pay phones, but only one plaintiff actually made calls. *Id.* at *2. The court concluded that the plaintiff who made no calls: (1) "has no standing for the UCL claim because he did not make the phone calls and cannot allege that he relied on the lack of disclosure or any misrepresentations that he alleges Defendant BBG made;" (2) "has no standing for the breach of contract cause of action because his wife—not him—is the party to any contract that may have existed;" (3) "has no standing for the CLRA cause of action because he did not place the call and thus, was not part of that consumer transaction;" and (4) "lacks standing . . . for declaratory relief and common counts because they are all predicated on the breach of contract and non-disclosures and misrepresentations—which [plaintiff] has no standing to sue for." *Id.* The same result is warranted here. Plaintiff admits it was the "troop leader," not Plaintiff, who purchased her three LEGOLAND tickets with a

1  Girl Scout credit card.  Compl. ¶¶ 33–34.  Because Plaintiff did not make the

2  purchase, she "was not part of the consumer transaction," did not see the

3  representations at the time of purchase, could not have relied on them in making a

4  purchase, and is not party to a contract with Defendants—all of which compels the

5  conclusion that she lacks standing.  *See Safjr*, 2011 WL 902296, *2.

6      *Second*, even if Plaintiff **had** purchased her LEGOLAND tickets, she still

7  cannot pursue her claims, as she has "not suffered a cognizable legal injury because

8  in short, [she] got what [she] paid for."  *In re Pacquiao-Mayweather Boxing Match*

9  *Pay-Per-View*, 942 F.3d 1160, 1164 (9th Cir. 2019); *accord Correia v. Johnson &*

10 *Johnson Consumer Inc.*, 2019 WL 2120967, at *3 (C.D. Cal. May 9, 2019) ("Plaintiffs

11 have not suffered an injury sufficient to confer Article III standing because they

12 received precisely what they were promised.").  "To establish standing under the

13 UCL, FAL, and CLRA," Plaintiff "must have 'suffered injury in fact and ha[ve] lost

14 money or property as a result.'"  *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304,

15 1315 (E.D. Cal. 2014).  Here, Plaintiff has suffered no economic injury.  Defendants

16 did not "cancel" Plaintiff's LEGOLAND tickets—they remain valid.  Indeed, the

17 Complaint concedes that tickets were not "cancelled" since Plaintiff may redeem them

18 any day LEGOLAND is open for a year after reopening.  *See* Compl. ¶ 36.  Thus,

19 Plaintiff has not suffered any economic loss or harm.

20     *Third*, Plaintiff lacks standing as to all Defendants other than LEGOLAND

21 because Plaintiff made no purchases from them.  Where, as here, "there are multiple

22 defendants and multiple claims, there must exist at least one named plaintiff with

23 Article III standing ***as to each defendant and each claim***."  *Sud v. Costco Wholesale*

24 *Corp.*, 229 F. Supp. 3d 1075, 1081 (N.D. Cal. 2017) (dismissing certain defendants)

25 (emphasis added).  Even if the Court finds standing as to LEGOLAND, Plaintiff does

26 not (and cannot) demonstrate standing as to the other Defendants because she fails to

27 allege that she "has actually been injured by the Defendants' challenged conduct" to

28 satisfy the Article III "case or controversy" requirement.  *Lee v. Am. Nat'l Fire Ins.*

1    *Co.*, 260 F.3d 997, 1001 (9th Cir. 2001) (citing *Friends of the Earth v. Laidlaw Envt'l*

2    *Servs., Inc.*, 528 U.S. 167, 180 (2000)).   Plaintiff does not allege she purchased

3    anything from the other Defendants and thus cannot allege a traceable injury.   *See*

4    *Lee*, 206 F.3d at 1001.

5           The Ninth Circuit's analysis in *Lee* is instructive.   There, the plaintiff filed a

6    class action against two related insurance companies, alleging that they sold life

7    insurance policies promising benefits that "were never realized." *Lee*, 260 F.3d at 999.

8    Plaintiff purchased policies from only one of the companies, and the court found that

9    plaintiff lacked standing to sue the second company as he could not "demonstrate the

10   requisite injury . . . because he did not buy any policy from [the second company] and

11   so did not suffer any injury due to [its] conduct." *Id.* at 1002.   Plaintiff here does not

12   allege that she purchased anything from any Defendant other than LEGOLAND.   It

13   follows that she could not have suffered any injury due to the alleged conduct of the

14   non-LEGOLAND Defendants, and her claims against them must be dismissed for

15   lack of standing.

16          *Fourth*, Plaintiff also lacks standing to assert claims for offerings she did not

17   purchase from any Defendant, including memberships or vacation packages.   Plaintiff

18   asserts that "[a]t least twenty-two of Merlin Entertainments' attractions are in the

19   United States," Compl. ¶ 23, and she purports to putatively represent all customers

20   who purchased tickets, passes, vacation packages, and possibly more, for all of those

21   attractions, *see id.* ¶¶ 39, 40, without ever identifying the attractions or products

22   offered, or alleging that she purchased any of them.   Plaintiff is without standing to

23   make these sweeping claims, particularly where her own allegations confirm that

24   these offerings are not at all similar to LEGOLAND day tickets.   *See Bauman v.*

25   *Australian Gold, LLC*, 2019 WL 2329885, at *2–3 (S.D. Cal. May 31, 2019)

26   ("Plaintiff does not have standing to bring class claims on the unpurchased products

27   as the Complaint fails to allege substantial similarity between the purchased and

28   unpurchased products.").

## V.   PLAINTIFF'S CONTRACT-BASED CLAIMS SHOULD BE DISMISSED.

### A.   Plaintiff Fails to State a Claim for Breach of Contract.

Even assuming Plaintiff could demonstrate standing, her Complaint still fails to state a contract claim.  "In a breach of contract claim under California law, a plaintiff must allege (1) a contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages."  *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1237 (S.D. Cal. 2009).  Plaintiff's conclusory allegations fail to establish these prima facie elements.

#### 1.   LEGOLAND Did Not Breach a Contract with Plaintiff.

Plaintiff does not allege an actionable breach of contract.  Plaintiff "must identify enough contractual terms with sufficient factual specificity to render his claim more than a formalistic recitation of the elements of a breach of contract claim.'"  *Park v. Morgan Stanley & Co.*, 2012 WL 589653, at *3 (C.D. Cal. Feb. 22, 2012) (dismissing claim because plaintiff "fail[ed] to allege any specific terms of the contract he claims Defendants actually breached") (quotation omitted).  "Generally, if the contract is written, the terms must be set forth verbatim or a copy attached and incorporated by reference."  *Woods v. Asset Res.*, 2006 WL 3782704, at *7 (E.D. Cal. Dec. 21, 2006).  Plaintiff cursorily references a "contract" but fails to attach it or quote the terms that are allegedly breached, or even to identify which Defendants she contends are party to that contract.  *See* Compl. ¶¶ 9, 23, 27, 32, 70, 84, 105, 114, 130, 137 (referring only to "terms and conditions").  These omissions alone warrant dismissal of the contract claim.  *See Park*, 2012 WL 589653, at *3.

It is not difficult to surmise why Plaintiff failed to include the specific terms governing the purchase of her LEGOLAND tickets:  those terms—provided in full in Defendants' RJN and incorporated by reference into the Complaint—make it immediately apparent that Plaintiff's contract claim fails as a matter of law.

##### a.   Plaintiff's Tickets Are Non-Refundable.

*First*, LEGOLAND could not have breached an alleged obligation to refund

1  because the LEGOLAND Ticket Terms and Conditions (the "Ticket Terms")

2  explicitly state: "**All tickets are non-refundable**/non-returnable . . . **We are unable**

3  **to issue** exchanges or **refunds** after a purchase has been made . . . ." Ex. 3 (emphasis

4  added). This language directly contradicts Plaintiff's allegation that she is

5  contractually entitled to a refund, *see* Compl. ¶ 115, and the Court is "not required to

6  accept as true conclusory allegations which are contradicted by documents referred to

7  in the complaint," *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.

8  1998).

9      Courts will not entertain contract claims premised on alleged breaches that

10  contravene the plain terms of the contract. For example, the court in *Abbit v. ING*

11  *USA Annuity & Life Ins. Co.* rejected a breach of contract claim premised on failure

12  to issue a bonus under an annuity contract because the bonus allegation was

13  "contradicted by the express terms of the Annuity Contract," which disclaimed any

14  promise of a bonus. 999 F. Supp. 2d 1189, 1197 (S.D. Cal. 2014); *see also Haley Hill*

15  *Designs, LLC v. United Parcel Serv., Inc.*, 2009 WL 4456209, at *2 (C.D. Cal. Nov.

16  23, 2009) (dismissing claim with prejudice, "as the express terms of the UPS Tariff

17  preclude suing for breach of contract on this basis"). Plaintiff's breach of contract

18  claim is based on a purported refund "obligation" that does not exist and that is

19  expressly contradicted by the "no refund" provision in the Ticket Terms. *See* Ex. 3.

20  Plaintiff's LEGOLAND "tickets are non-refundable" so there can be no plausible

21  allegation that LEGOLAND breached a contractual obligation to refund.

22          b.    LEGOLAND Did Not "Cancel" Plaintiff's Tickets.

23      *Second*, to the extent that Plaintiff hinges her claim on a cancellation provision

24  in the LEGOLAND Standard Terms and Conditions (the "Standard Terms") (together

25  with the "Ticket Terms," the "Terms"), she fails to allege facts sufficient to support

26  such a claim. This provision applies to cancellation of confirmed purchases by

27  LEGOLAND, which has not occurred here. In that event, "[LEGOLAND] will offer

28  [ ] the choice of the following options: (a) accepting the changed arrangements or (b)

purchasing an alternative ticket offer [or] (c) cancelling or accepting the cancellation in which case you will receive a full refund[.]"   Ex. 4.   Plaintiff pounces on this, asserting that "if Defendants cancel or are unable to perform their obligations, they must accept customer cancellations and refund all monies paid by the customer." Compl. ¶¶ 9, 23; *see also* ¶ 27.[4]   But Plaintiff improperly conflates "cancellation" under the Terms with closure of LEGOLAND.   *See* Compl. ¶¶ 9, 10, 23, 27, 114. Plaintiff's tickets are not "cancelled," and she admits that she holds valid tickets to LEGOLAND, which will be honored on a date of her choosing when LEGOLAND reopens. *See, e.g., id*. ¶¶ 29, 36.   Indeed, LEGOLAND offered to provide Plaintiff and others "peace of mind" by "extending the validity window" of tickets for an ***entire year after reopening***.   *Id*. ¶¶ 29, 35–36; *see also* Ex 5.   The closure of LEGOLAND and Defendants' other attractions due to COVID-19 is just that—a ***park closure, not a purchase cancellation*** under this provision.   The cancellation language relied on by Plaintiff does not apply. *See* Ex. 4 ("[C]ancellation by [LEGOLAND]" applies where there are "changes to [] correct errors and other details before and after purchases [and to] ***cancel confirmed purchases***") (emphasis added).

This is the only reasonable interpretation of the cancellation provision in the Standard Terms.   Plaintiff "seeks to insert ambiguity into the contract" but "any ambiguity regarding the definition[s] . . . [are] eliminated" given "the express provisions within the Agreement." *Herskowitz v. Apple Inc*., 940 F. Supp. 2d 1131, 1140–41 (N.D. Cal. 2013) (dismissing breach of contract claim); *accord Rovai v. Select Portfolio Servicing, Inc*., 2018 WL 3140543, at *5 (S.D. Cal. June 27, 2018) (noting a "court will not strain to create an ambiguity where none exists" and dismissing breach of contract claim). Plaintiff cannot defeat dismissal with conclusory allegations that contradict the plain language of the Terms.   *See Rovai*,

---

[4] Plaintiff improperly includes additional language purporting to sweep in situations where LEGOLAND is "unable to perform their obligations," but the Standard Terms do not contain this language.

2018 WL 3140543, at *5; *Abbit*, 999 F. Supp. 2d at 1197 (dismissing breach of contract claim where allegations contradicted the terms).   Plaintiff's contract claim thus fails to allege any material breach arising out of the cancellation provision in the Terms.  *See Lyons*, 718 F. Supp. 2d at 1238–39 ("The Court concludes that Plaintiff fails to sufficiently plead a breach of contract, as she points to no term of the contract that was breached by Cox.").

c.    Legoland Did Not Promise Unlimited "Access"

Plaintiff fails to allege a material breach of an unlimited right of "access" to LEGOLAND, *see* Compl. ¶ 115, because she cannot point to a single provision in the Terms that promises customers unlimited access or access exclusively "on the dates and at the time they chose."   *See* Compl. ¶ 30 ("The sole reason Defendants' customers buy tickets . . . is to have *access to* Defendants attractions.").   Instead, the Terms provide that where access is impossible—such as during a global pandemic—LEGOLAND will honor tickets and toll the access period, so customers can come once it is **safe** and **legal** to do so.  *See* Compl. ¶ 36; Ex. 4, 5.

In *Lyons*, the Court dismissed similar claims based on allegations of uncompromised "access" despite countervailing contractual terms.   *Lyons*, 718 F. Supp. 2d at 1238–39.   There, plaintiff alleged that an internet provider breached an agreement "promising specific speeds of internet access[.]"   *Id*.   Yet "the agreement makes no promises regarding minimum speeds and never promises that all applications will function at certain speeds at all times."   *Id.*   Just as that court dismissed a demand for access given the countervailing agreement terms, so too should this Court dismiss Plaintiff's claim for unlimited access to LEGOLAND. [5]

**2.    Plaintiff Has No Contract Damages.**

Plaintiff also fails to make a "showing of appreciable and actual damage."

---

[5] It is doubtful that Plaintiff would have come to Legoland on March 21, 2020 if it was open because Plaintiff alleges that the "troop leader tried to have the tickets refunded . . .even before the park gave notice on or about March 13, 2020 that it would close . . . ." Compl. ¶ 35.  This undercuts any claim to a right of access.

1    *Loiseau v. VISA USA Inc.*, 2010 WL 4542896, at \*2 (S.D. Cal. Feb. 10, 2010).

2    Plaintiff was not harmed by any purported breach because she is still in possession of

3    valid LEGOLAND tickets, which may be redeemed when LEGOLAND is able to

4    safely and legally reopen.  Compl. ¶¶ 29, 33; Ex. 5; *see also Patent Scaffolding Co.*

5    *v. William Simpson Const. Co.*, 256 Cal. App. 2d 506, 511 (1967) ("A breach of

6    contract without damage is not actionable.").  There is no plausible allegation of harm

7    or damages, requiring dismissal of Plaintiff's contract claim.[6]

8    ## B.    Plaintiff Fails to State a Claim for Money Had and Received or Conversion.

9

10   Plaintiff's common counts for money had and received and conversion also fail

11   as a matter of law.  *First*, "[w]hen a common count is used as an alternative way of

12   seeking the same recovery demanded in a specific [claim], and is based on the same

13   facts, it does not survive if the underlying claim does not survive."  *Mar Partners 1,*

14   *LLC v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 11501, at \*4 (N.D. Cal. Jan. 4,

15   2011) (quotation omitted).  As discussed in Section V.A, Plaintiff's breach of contract

16   claims fails because her LEGOLAND tickets are non-refundable, and she continues

17   to hold valid tickets.  Her tagalong claims for money had and received and conversion

18   must therefore be dismissed as well.

19   *Second*, Plaintiff's money had and received claim also fails because she alleges

20   that an enforceable, binding agreement exists with LEGOLAND.  *See* Compl. ¶¶ 114,

21   115, 118–123.  "An action in quasi-contract . . . does not lie when an enforceable,

22   binding agreement exists[.]"  *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d

23

---

24   [6] Even if Plaintiff could state a contract claim, it would be barred by the force majeure
clause in the Terms, which states that LEGOLAND "cannot accept liability . . . where

25   the performance . . . is prevented or affected by . . . any event which we . . . could not,
even with all due care, foresee or avoid," including events such as "adverse weather

26   conditions," "natural or nuclear disaster," and "all similar events outside our control,"
Ex. 4, and by the doctrine of impossibility, *see Ontario Deciduous Fruit-Growers'*

27   *Ass'n v. Cutting Fruit-Packing Co.*, 134 Cal. 21, 25 (1901) ("[Plaintiff] could not be
made to perform impossibilities, nor was it liable in damages . . . for a failure to

28   comply with its contract resulting from vis major, and not attributable to any fault on
the part of said plaintiff.").

1151, 1167 (9th Cir.1996); *accord U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*, 2013 WL 6055387, at *9 (S.D. Cal. Nov. 13, 2013) ("[T]he allegations of a valid contract are inconsistent with the claim for 'money had and received.'").

*Third*, Plaintiff's conversion claim fails for two additional reasons: (a) it is implausible on its face because Plaintiff consented to the use of her funds to purchase non-refundable tickets; and (b) conversion will not lie based on mere failure to pay monies owed.  "[T]he law is well settled that there can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use or disposition of his property." *Farrington v. A. Teichert & Son, Inc.*, 59 Cal. App. 2d 468, 474 (1943).  Plaintiff's own allegations dismantle her claim: she alleges that she intentionally transferred funds to a third party to purchase tickets to LEGOLAND, which she received.  Compl. ¶¶ 33–36 ("Ms. Case . . . asked one of the troop leaders . . . to handle the purchase . . . Ms. Case gave the troop leader a check . . . for her three tickets.)  Plaintiff's consent to the use of her funds for the purchase of non-refundable tickets destroys any claim of "wrongful ownership" of her funds. *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1491 (2006).  Moreover, "the simple failure to pay money owed does not constitute conversion." *Kim v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267, 284 (2011); *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007) (a "generalized claim for money [is] not actionable as conversion").  This is precisely what Plaintiff pleads here. *See* Compl. ¶¶ 142–143.  Plaintiff continues to hold valid tickets for LEGOLAND, so the funds used for that purchase are not converted.  Both claims must be dismissed.

## VI.   PLAINTIFF'S FRAUD-BASED CLAIMS SHOULD BE DISMISSED.

### A.   Plaintiff Fails to State a Claim Under the CLRA, UCL, or FAL, or for Fraud or Negligent Misrepresentation.

Plaintiff's CLRA, UCL, FAL, fraud, and negligent misrepresentation claims all fail to state a claim because Plaintiff fails to identify with particularity any

representation that a reasonable consumer would consider false or misleading.  *See*
*Correia*, 2019 WL 2120967, at \*3 ("Plaintiffs failed to plausibly allege that they saw
or relied on an objectively false or misleading statement, which is an element of their
CLRA, UCL, FAL, fraud, quasi contract/restitution, [and] negligent
misrepresentation" claims).

The Complaint's vague allegations, many of which are simply legal
conclusions, render it impossible to decipher what Defendants allegedly
misrepresented, but it appears Plaintiff has two main grievances: (1) customers would
have unfettered access to LEGOLAND and other attractions on the particular dates
and times of their choosing, *see, e.g.*, Compl. ¶¶ 70, 84, 105 (Defendants failed to
provide "a warning that they would not in fact be open on the dates for admission in
the agreement"); and (2) if they closed LEGOLAND or their other attractions, they
would provide a refund, *see, e.g., id.* (Defendants failed to provide "a warning that
they would not refund monies paid to customers and continue charging customers'
credit cards and debit cards while all of Defendants' attractions in California (and
nationwide) are closed.").  The Complaint further alleges that "Defendants'
advertising that their attractions would be available to their customers, and that their
customers would have access to their attractions upon paying for a ticket, a
membership, or a vacation package, is false and misleading to a reasonable consumer,
including Plaintiff, because Defendants in fact closed all of their attractions while
either refusing to refund the monies paid or continuing to charge the full price of
membership."  Compl. ¶ 64; *see also* ¶ 47.  But Defendants never made any such
promises.  Indeed, the Standard Terms explicitly state the opposite: "LEGOLAND
California, LLC reserves the right to alter, close or remove details/exhibits without
prior notice for technical, operational or other reasons and that no refunds can be given
in these circumstances. LEGOLAND California, LLC reserves the right to refuse
entry without explanation."  Ex. 4.  And, at the time Plaintiff's tickets were sold,
LEGOLAND *was* scheduled to be open on her selected date.  Moreover, because

Plaintiff's only purchase is day tickets to LEGOLAND, only LEGOLAND (not all the other Defendants) could plausibly have made an alleged representation upon which Plaintiff could have relied.  Because Plaintiff fails to allege false or misleading statements: (1) with specificity; (2) by which a reasonable consumer would be deceived; (3) on which she plausibly relied in making a purchase, (4) that each of the Defendants knew were false or misleading when made; and (5) and that caused her damage, her five fraud-based claims fail and must be dismissed.

### 1.   Plaintiff Fails to Allege a Specific Statement Regarding Access to LEGOLAND with the Requisite Particularity.

Plaintiff's fraud-based claims of alleged misrepresentations regarding access to attractions and expectancy of a refund are deficient because she does not identify the "who, what, when, where, and how" of those alleged misrepresentations. *See Vess*, 317 F.3d at 1106. "Rule 9(b) demands direct quotations" or other allegations sufficient to identify what the defendant "actually said." *Gross v. Symantec Corp*., 2012 WL 3116158, at *4–5 (N.D. Cal. July 31, 2012) (dismissing UCL and fraudulent inducement claims). The Complaint makes no such allegations. Instead, Plaintiff vaguely alleges only that "Defendants' advertising that their attractions would be available to their customers, and that their customers would have access to their attractions upon paying for a ticket, a membership or a vacation package, is false and misleading to a reasonable consumer," and the "false and misleading marketing claims that [customers] would have access to the attractions during the agreed upon time."  Compl. ¶¶ 65, 87.  Plaintiff does not identify specific "advertising" or "marketing claims" or articulate the "who, what, when, where, and how" of purportedly false or misleading representations.  *See Vess*, 317 F.3d at 1106.

The same is true of Plaintiff's allegations about refunds: the only statement regarding a purported refund obligation that comes remotely close to meeting Plaintiff's burden under Rule 9(b) is a quote of the cancellation provision from "attraction webpages." Compl. ¶ 47. But Plaintiff does not explain which "attraction"

or "webpages" contain the alleged statement, nor does she state when she (or the troop leader) viewed the statement or identify any purchase cancelled by Defendants. "Such allegations are little more than a recitation of the necessary elements and will not defeat a motion to dismiss." *Silcox v. State Farm Mut. Auto. Ins. Co*., 2014 WL 7335741, at *4 (S.D. Cal. Dec. 22, 2014).  This is fatal to each of Plaintiff's fraud-related claims regarding "access" to attractions or an obligation to refund.

### 2. Plaintiff Fails to Plausibly Allege That a Reasonable Consumer Would Be Deceived.

Although the issue of whether a reasonable consumer is likely to be deceived by alleged representations "is often a question of fact better suited for adjudication at a later stage . . . when it is clear at the pleading stage that the statements relied upon were not false or misleading, claims to the contrary must be dismissed as implausible." *Correia*, 2019 WL 2120967, at *3 (citing *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016) (affirming dismissal); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (holding, at the pleading stage, it was implausible that allegedly misleading statements were actually deceptive); and *Chuang v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4286577, at *6 (C.D. Cal. Sept. 20, 2017)).

*Correia* is on point.  There, plaintiffs alleged misrepresentations regarding an acne treatment mask powered by a battery-operated activator.  *Id.* at *1.  Each time the user turned on the activator, the mask supplied one ten-minute therapy session. *Id*. As the packaging "explicitly stated in multiple locations," each activator contained 30 treatments, and customers were "explicitly inform[ed]" that they must purchase a new activator after 30 treatment sessions. *Id.* Plaintiffs alleged that the representations were "false or misleading" because the activator had enough power for more than 30 sessions, but cut off use after 30 sessions.  *Id.*  The Court rejected these arguments, concluding that "no reasonable consumer could be deceived" because: "It may be true that this is a reasonable baseline expectation. But the packaging . . . contains several statements that affirmatively dispel that expectation with regard to these products,

18

1   informing consumers that each Activator is designed to allow the Mask to be used for
2   exactly 30 treatment sessions—no more, no less."  *Id.* at *3.

3        Plaintiff's claims of deception based on alleged promises of access and refunds
4   are equally implausible.  *First*, a reasonable consumer would not be misled into
5   believing that a statement regarding cancellations would permit a refund for tickets
6   ***that have not been cancelled***.  (Contrary to Plaintiff's allegation that she is "stuck
7   with tickets to a cancelled event," Compl. ¶ 10, LEGOLAND is not an "event" and
8   has not been "cancelled.") Plaintiff's conclusory allegations regarding her alleged
9   entitlement to a refund are contradicted by the Terms, including the provision that
10  tickets are "non-refundable."  *See* Ex. 3.  Thus, even if Plaintiff's desire for a refund
11  is a "reasonable baseline expectation," which it is not, the plain statement that the
12  tickets are "non-refundable" "affirmatively dispel[s] that expectation."  *Correia*, 2019
13  WL 2120967, at *3.  *Second*, Plaintiff's assertion that Defendants offered unlimited
14  access to LEGOLAND or exclusively "on the dates and at the time [customers]
15  chose," Compl. ¶ 30, "invents a misrepresentation that Defendant did not make,"
16  *Correia*, 2019 WL 2120967, at *4.

### 3.     Plaintiff Fails to Plausibly Allege Reliance.

18       Even if Plaintiff adequately alleged misrepresentations, she fails to allege
19  reliance, because Plaintiff did not purchase her tickets from LEGOLAND.   The
20  Complaint alleges that "Ms. Case purchased tickets for one of Defendants' attractions,
21  specifically Legoland California, after visiting Defendants' websites and reading the
22  terms and conditions for purchasing tickets," Compl. ¶ 32.  But that is not true, as she
23  admits that the "troop leader" purchased the tickets on a Girl Scout credit card, and
24  she makes no mention of any purported reliance by the unnamed troop leader.
25  Moreover, her fraud-based claims still fail because she did not rely on any
26  LEGOLAND representations to purchase LEGOLAND tickets.   *See Frenzel v.*
27  *Aliphcom*, 76 F. Supp. 3d 999, 1014 (N.D. Cal. 2014).
28  /////

In *Frenzel*, the court dismissed CLRA, UCL, and FAL claims for failing to allege reliance under Rule 9(b).  *Id.* at 1013–14.  The court noted that although "the complaint reference[d] a number of specific statements," plaintiff "fail[ed] to specify which, if any, of these statements [he] personally reviewed and relied on.  Instead, the complaint broadly allege[d] that Frenzel 'reviewed [Defendant's] marketing materials and representations,'" and made his purchase "based on those representations."  This is insufficient, in part "because it does not identify which particular label representations [the plaintiff] personally read and relied on" or "when he was exposed to the alleged misrepresentations."  *Id.* at 1014–15.  Here, Plaintiff's allegations are even more deficient as she never identifies the "number of specific statements" alleged to be false and misleading.  She also "fails to allege with sufficient particularity when [s]he was exposed to the alleged misrepresentations."  *Id.* at 1014.  Her claims should also be dismissed for this reason.

### 4.     Plaintiff Fails to Plausibly Allege Defendants' Knowledge of Purportedly False Statements.

Plaintiff fails to plead any facts showing the required element of knowledge of falsity by any Defendant at the time of purchase.  *See Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1145–48 (9th Cir. 2012) ("Plaintiffs must allege HP's knowledge of a defect to succeed on their claims of deceptive practices and fraud.").  Plaintiff claims, incredibly, that Defendants ***intended*** to defraud customers by "inducing" them to purchase tickets knowing that the attractions would not be accessible on the day for which the tickets were purchased. Compl. ¶¶ 130, 137.  In other words, Plaintiff alleges that Defendants should have anticipated COVID-19, the resulting global pandemic, and government orders requiring closure up to four years ago.  This is simply not plausible, yet Plaintiff claims that she and putative class members "would not have purchased these items on the same terms, if the true facts had been known." *Id*. ¶ 137.  Plaintiff's fraud-based claims should be dismissed on this basis as well. /////

### 5.      Plaintiff Fails to Plausibly Allege Injury.

As set forth in Section IV, Plaintiff has not been injured by any alleged misrepresentations. "Courts have held that being induced to purchase a product one would not otherwise have purchased is not loss of money or property within the meaning of the statute as long as one still receives the benefit of the bargain." *Warner v. Tinder*, 105 F. Supp. 3d 1083, 1094 (C.D. Cal. 2015) (citation omitted).  Plaintiff alleges that the "sole reason Defendants' customers buy tickets and passes, pay monthly membership fees, and purchase vacation packages is to have *access* to Defendants' attractions." Compl. ¶ 30.  As Plaintiff admits, she still has valid tickets to LEGOLAND, which is "allowing [customers] to reschedule individually within a year of the scheduled date without any additional fees." Compl. ¶ 36.  Plaintiff retains valid LEGOLAND tickets and cannot establish injury.

### B.      <u>The CLRA Claim Must Be Dismissed for Failure to Comply with § 1780(d) and Because LEGOLAND Tickets Are Not Goods or Services.</u>

Plaintiff's CLRA claim must be dismissed for two additional reasons.  *First*, Plaintiff failed to concurrently file a CLRA venue affidavit with her Complaint "stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action," as required by California Civil Code § 1780(d).  When a plaintiff fails to file this affidavit, a court "shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." *Id*.; *see also Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 1001 (S.D. Cal. 2016) (J. Houston) ("Plaintiff's CLRA claim must be dismissed for failure to comply with the CLRA's affidavit requirement.").

*Second*, Plaintiff's LEGOLAND tickets are not "goods or services" governed by the CLRA.  The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods."  A ticket to LEGOLAND is not a "tangible

chattel." *See Lazebnik v. Apple, Inc.,* 2014 WL 4275008, at *5 (N.D. Cal. Aug. 29, 2014) (finding a "Season Pass is not a 'good' within the meaning of the CLRA" because it is "not a 'tangible chattel'"); *Berry v. Am. Express Publ'g, Inc*., 147 Cal. App. 4th 224, 229 (2007) (credit card is not a "good" under the CLRA because it "has no intrinsic value and exists only as indicia of the credit extended to the cardholder").

Nor is a LEGOLAND ticket a service, as "to hold that the tickets, or more specifically the admission to the parks that the tickets provide, constitute a service requires a strained and unnatural construction of the term." *Hall v. Sea World Entm't, Inc*., 2015 WL 9659911, at *15 (S.D. Cal. Dec. 23, 2015).  Rather, a LEGOLAND ticket is an intangible, revocable license to admission to LEGOLAND.  California district courts have held that intangible rights fall outside the CLRA and the CLRA does not apply to licenses because they are neither "goods" nor "services." *See, e.g., Williamson v. McAfee, Inc*., 2014 WL 4220824, at *7 (N.D. Cal. Aug. 22, 2014) (dismissing CLRA claim because software licenses are not goods or services); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig*., 903 F. Supp. 2d 942, 972 (S.D. Cal. 2012) (same).  Accordingly, the license to gain admission to LEGOLAND or other attractions—represented by a ticket—is not a good or service under the CLRA, requiring dismissal of this claim with prejudice.

### C.   Plaintiff's Claims for Equitable Restitution Fail Because She Has Not Alleged Inadequate Remedies at Law.

Plaintiff's UCL and FAL claims must also be dismissed because they allow for equitable relief only, and the Complaint makes clear that legal remedies under the CLRA and contract claims in the form of money damages are adequate.  The Ninth Circuit recently affirmed that the "traditional principles governing equitable remedies in ***federal courts, including the requisite inadequacy of legal remedies***, apply when a party requests restitution under the UCL, [FAL, CLRA, or for unjust enrichment] in a diversity action." *Sonner v. Premier Nutrition Corp.*, 962 F.3d. 1072, 1081 (9th Cir. 2020) (emphasis added) (affirming grant of motion to dismiss and dismissing UCL

1   claim with prejudice because plaintiff "seeks the same sum in equitable restitution as

2   . . . she requested in damages" under the CLRA).  Plaintiff cannot proceed with

3   equitable claims past the pleading stage where, as here: (1) "the operative complaint

4   does not allege that [Plaintiff] lacks an adequate legal remedy"; or (2) Plaintiff alleges

5   legal claims for money damages that mirror any available equitable restitution.  *Id.* at

6   1081; *accord Rosenkrantz v. Ariz. Bd. of Regents*, 2020 WL 4346754, at *2 (D. Ariz.

7   July 29, 2020) ("Plaintiffs' attempt to camouflage a legal remedy—*i.e.*, money

8   damages—by labeling it as an equitable one is revealed by the very form their claims

9   take: breach of contract seeking 'the benefit of their bargain' and requesting a jury

10   trial.").

11       Critically, even "[w]here the claims pleaded by a plaintiff *may* entitle her to an

12   adequate remedy at law, equitable relief is unavailable." *Rhynes v. Stryker Corp.*,

13   2011 WL 2149095, at *3–4 (N.D. Cal. May 31, 2011) (dismissing UCL claim with

14   prejudice).  "It matters not that a plaintiff may have no remedy if her other claims

15   fail." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203–04, n.7 (N.D. Cal. 2017)

16   (dismissing UCL and FAL claims with prejudice).

17       Here, Plaintiffs' UCL, FAL, and CLRA claims are based on the same predicate

18   facts—that Defendants' representations regarding access to its attractions and

19   availability of refunds are false and misleading.  *See* Compl. ¶¶ 56–76 (CLRA),

20   ¶¶ 77–91 (FAL), ¶¶ 92–111 (UCL).  Under similar circumstances, courts have "barred

21   claims for equitable relief—including claims for violations of California consumer

22   protection statutes—***at the motion to dismiss stage*** where plaintiffs have alleged other

23   claims presenting an adequate remedy at law." *Munning*, 238 F. Supp. 3d at 1203–

24   04 (emphasis added).  The same result should apply here.

25   **VII.   THE UNJUST ENRICHMENT CLAIM MUST BE DISMISSED.**

26       Plaintiff's unjust enrichment claim fails for several reasons.  First, as above,

27   Plaintiff is not permitted to seek the equitable remedy of restitution because an

28   adequate legal remedy exists in the form of money damages. *See Sonner*, 962 F.3d at

1081.  Second, "[g]enerally, California law does not permit a standalone cause of action for unjust enrichment."  *Smith Micro Software, Inc. v. Reliance Commc'ns, LLC*, 2020 WL 225074, at *4 (C.D. Cal. Jan. 14, 2020) (citation omitted); *accord La Bella v. Ahn*, 2011 WL 13356149, at *6 (S.D. Cal. Sept. 28, 2011) (J. Houston) ("[While] [t]here is a split of authority as to whether unjust enrichment is cognizable as a cause of action under California law . . . [the Court] finds plaintiff's second cause of action for unjust enrichment . . . fails to state a claim.").  This is the better-reasoned view because unjust enrichment refers to "a form of relief" rather than "an independent claim."  *McKell*, 142 Cal. App. 4th at 1491.

Alternatively, if the Court entertains Plaintiff's unjust enrichment claim as a "quasi-contract" claim, Plaintiff is still precluded from asserting it because it is inconsistent with her breach of contract allegations.  *See Paracor Fin., Inc.*, 96 F.3d at 1167 ("an action in quasi-contract . . . does not lie when an enforceable, binding agreement exists defining the rights of the parties").  Finally, were the Court to overlook this pleading deficiency, the claim still falls with its bootstrapped claims, as noted above.  *See Loiseau,* 2010 WL 4542896, at *3 ("The Court previously concluded that Plaintiff based his unjust enrichment claim on the existence of a contract between Plaintiff and Defendants. . . . [Because] Plaintiff failed to plead damages, an essential element of a breach of contract cause of action, Plaintiff's claim for unjust enrichment must also fail.").

## VIII.  **PLAINTIFF CANNOT REPRESENT A NATIONWIDE CLASS.**

Plaintiff cannot represent a nationwide class for three reasons.  First, she lacks Article III standing to "assert claims on behalf of unnamed class members under other states' laws that do not govern [her] own claims."  *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1041 (S.D. Cal. 2020) (dismissing claims on behalf of nationwide class).  Plaintiff lives in California and her purported agent purchased the LEGOLAND tickets in California.  Compl. ¶¶ 32, 33.  Thus, to the extent Plaintiff purports to assert claims under other states' laws, she cannot.  Second, Plaintiff's

"failure to identify which state laws govern [her] common law claims means the claims brought on behalf of the nationwide class have not been adequately pled." *Augustine v. Talking Rain Bev. Co., Inc.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing nationwide class claims).  Third, to the extent Plaintiff "intend[s] to assert that California law applies to the claims of out-of-state putative class members, she fails to allege 'that California has significant contact or significant aggregation of contacts to the claims of each class member,' such that application of California law is constitutional."  *Brown v. Starbucks Corp.*, 2019 WL 4183936, at *8 (S.D. Cal. Sept. 3, 2019) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)) (dismissing nationwide class claims).   Moreover, California consumer protection "laws simply do not apply to transactions outside California involving non-California consumers."  *Jackson v. Gen. Mills*, 2019 WL 4599845, at *4 (S.D. Cal. Sept. 23, 2019) (dismissing nationwide class claims).  On each of these distinct bases, Plaintiff's nationwide class must be dismissed.

## IX.   CONCLUSION

For all the reasons set forth above, Plaintiff's Complaint should be dismissed in its entirety as against all Defendants.

Dated:  August 5, 2020                      **DLA PIPER LLP (US)**

By: */s/ Isabelle L. Ord*
      ISABELLE L. ORD
      NOAH A. KATSELL
      CHELSEA N. MUTUAL
      HECTOR E. COREA

      Attorneys for Defendants
      MERLIN ENTERTAINMENTS GROUP
      U.S. HOLDINGS INC., LEGOLAND
      CALIFORNIA, LLC, MERLIN
      ENTERTAINMENTS SHORT BREAKS
      LLC, MADAME TUSSAUDS
      HOLLYWOOD LLC, MADAME
      TUSSAUDS SAN FRANCISCO LLC, and
      SAN FRANCISCO DUNGEON LLC