UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE CASE, et. al,<br><br>        Plaintiffs,<br><br>v.<br><br>MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS INC, et. al,<br><br>        Defendants.<br><br>JESSICA BAUTISTA, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS INC, et. al,<br><br>        Defendants. | Case No.:  20cv01049 JAH-MSB<br>      20cv01128 JAH-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTFFS' MOTION TO CONSOLIDATE AND MOTION TO APPOINT INTERIM COUNSEL [Doc. No. 21] and ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM COUNSEL [Doc. No. 27]** |

## INTRODUCTION

Plaintiffs Joyce Case, William Lum and Tiffany Lamar ("Case Plaintiffs"), filed a motion to consolidate and appoint interim class counsel (Doc. No. 21) in *Case v. Merlin*

1

*Entertainments Group U.S. Holding, Inc.*, 20cv1049.  In response, Jessica Bautista, the plaintiff in the related matter *Bautista v. Merlin Enertainments Group U.S. Holdings Inc.*, 20cv1128, filed a motion to intervene (Doc. No. 25).  Thereafter, the Case Plaintiffs and Plaintiff Bautista filed a joint motion to intervene seeking to intervene in the other action for the limited purpose of responding to the parties' motions to appoint interim counsel.  The Court granted the joint motion.

On October 21, 2020, Defendants filed a notice of non-opposition to the motions[1] and Plaintiff Bautista filed an opposition to the motion filed by the Case Plaintiffs and the Case Plaintiffs filed their opposition to Plaintiff Bautista's motion.  The parties filed their respective replies on October 28, 2020.  Finding the motions suitable for determination without oral argument, the Court took the matters under submission.

## DISCUSSION

### I. Motion to Consolidate

The Case Plaintiffs move to consolidate the two related actions pursuant to Rule 42 of the Federal Rules of Civil Procedure.  Under Rule 42, a court may consolidate actions if they "involve a common question of law or fact."  FED. R. CIV. P. 42(a).  The Case Plaintiffs contend consolidation is warranted because Plaintiff Bautista's proposed class is entirely subsumed by the Case Plaintiffs' proposed classes, and Plaintiff Bautista's claims are duplicative of and subsumed by the Case Plaintiffs' causes of action.

Plaintiff Bautista does not oppose the motion to consolidate.  She believes consolidation is warranted to promote efficiency, ensure consistent results and encourage judicial economy based on the similar claims against various Legoland-related entities.  Defendants do not oppose the motion to consolidate.

---

[1] Defendants specifically state they do not concede counsel is adequate for class certification purposes and reserve the right to oppose any motion for class certification and/or to move for denial of class certification on the ground that proposed class counsel is inadequate pursuant to Federal Rule of Civil Procedure 23.

The parties agree and the allegations of the complaints demonstrate the actions share common questions of law and fact.  Accordingly, consolidation is appropriate and the Case Defendants' motion to consolidate is GRANTED.

**II.  Motions to Appoint Interim Class Counsel**

The Case Plaintiffs and Plaintiff Bautista have filed competing motions for appointment of interim class counsel before seeking certification as a class action.  The Case Plaintiffs argue the Law Offices of Ronald A. Marron, APLC ("Marron") and the Law Office of Robert L. Teel ("Teel") should be appointed interim counsel to promote the orderly and efficient conduct of this action.   Plaintiff Bautista contends her counsel, Kazerouni Law Group, APC ("Kazerouni") and the Law Offices of Todd M. Friedman, P.C., ("Friedman") should be appointed interim co-lead counsel because they are adequate counsel who are prepared and willing to protect the best interests of the putative class members.

A court may appoint interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure "during the pre-certification period if necessary to protect the interests of the putative class." FED. R. CIV. P.  23(g)(2)(A), advisory committee notes on 2003 amends.  Rule 23(g) includes criteria courts must consider in appointing class counsel for actions in which the court certifies a class but is silent as to the criteria for interim counsel.  However, courts generally presume the same criteria applies to consideration of interim counsel.  *See Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, at *2 (C.D.Cal. 2006); *In re Air Cargo Shipping Servs., Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006).  The criteria includes:

   (i) the work counsel has done in identifying or investigating potential claims in the action;
   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
   (iii) counsel's knowledge of the applicable law; and
   (iv) the resources that counsel will commit to representing the class;

FED. R. CIV. P. 23(g)(1)(A).  The court may also consider "any other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class."  FED. R. CIV. P. 23(g)(1)(B).

**A.  Identifying and Investigating Potential Claims**

**1. Case Plaintiffs' Counsel**

The Case Plaintiffs contend Marron and Teel have engaged in significant work identifying, investigating, and filing the claims, including: (1) extensive pre-filing investigation of potential claims, (2) corresponding and interviewing numerous potential class members, (3) drafting and sending a demand letter to Defendants, (4) researching Defendants' organizational structure, affiliations and terms of service, (5) reviewing Defendants' policies and reports, financial statements, and revenue, growth, and competitor profiles (6) tracing Defendants' ownership history, (7) reviewing the Defendants' filings with the departments of corporations and secretaries of state of various jurisdictions, (8) reviewing Defendants' parent company's filings with the United Kingdom's Companies House, (9) drafting and filing the original complaint and First Amended Complaint ("FAC") in this action, (10) reviewing the *Bautista* action pleadings; and (11) initiating discussions with opposing counsel regarding the initial proceedings in this case.  They contend this work demonstrates that they have and will continue to, fairly and adequately, represent the proposed classes.

Additionally, they contend Marron and Teel have committed, and will continue to commit, the resources necessary to adequately represent Plaintiffs and the proposed classes throughout the action.  They maintain, as a result of their efforts thus far, including over 120 hours spent by Mr. Teel at the time of filing the motion, they prepared the detailed FAC that contains five additional causes of action, more comprehensive theories of liability and seek more remedies than the complaint filed in the *Bautista* action.

Bautista argues the Case Plaintiffs' counsels' identification and investigation is overstated.  Bautista asserts her case concerns a nationwide and California only class

concerning Legoland California and COVID-19 and maintains, the Case Plaintiffs who also only purchased Legoland California tickets seek to additionally represent consumers regarding Defendants' attractions in Florida, Arizona, Pennsylvania, Massachusetts, Ohio, Michigan, Texas, Nevada, Tennessee, New York, North Carolina, and Minnesota.  She also contends the "additional claims" asserted by the Case Plaintiffs in their FAC are common law negligence, fraud, and a claim under California's False Advertising Law ("FAL"), which is a derivative claim that finds relief under California's Unfair Competition Law ("UCL") as pled in Bautista's complaint.  This, she contends, explains the difference in length of the complaints.

In response to the contention that Mr. Teel has already spent more than 120 hours on this matter, Bautista contends such overbilling at this stage of the case is unjustified. She maintains Marron has been chided for this conduct previously in *Henderson v. J.M. Smucker Co.*, 2014 WL 2723876, at \*2 (C.D. Cal. Feb. 28, 2014) where Marron settled the case individually for $22,500 and thereafter moved for an award of attorney's fees and costs of $3,253,902 and $35,138.65 respectively.  The court, ultimately, slashed their request upon finding the amounts unreasonable and finding counsel failed to do their due diligence in investigating the class representative's adequacy and awarded $72,297.90 in attorney's fees.  Bautista contends Mr. Teel has already demonstrated an inefficient allocation of resources by personally spending 120 hours investigating and litigating the *Case* action, thus unnecessarily increasing attorneys' fees when many of the tasks identified in that declaration could have been covered by an associate attorney or even a paralegal, such as document review and legal research.  Accordingly, she argues, this factor weighs against appointment of the Case Plaintiff's proposed interim counsel.

**2. Bautista's Counsel**

Bautista maintains her counsel conducted intensive pre-filing investigations of her claims including closely analyzing the underlying facts of the allegations and carefully researching the applicable law which is reflected in the submission of high-quality

5

20cv01049 JAH-MSB
20cv01128 JAH-MSB

pleadings. She provides the following examples of counsel's efforts: (1) consulting with Plaintiff Bautista and assessing her claims, (2) researching the applicable law and relevant causes of actions, (3) researching webpages pertaining to Legoland and related entities, (4) researching relevant news reports relating to Covid-19 and theme park closures, (5) conferring internally to discuss litigation strategy to protect the best interests of the putative class members, (6) serving a notice and demand letter on Defendants pursuant to California Civil Code section 1782, (7) drafting and filing the complaint and FAC, (8) reviewing documents filed in the *Case* action, (9) engaging in pertinent motion practice, and (10) contacting counsel for the Case Plaintiffs to propose reaching an agreement to work together in litigating both matters. She contends counsel have committed numerous hours investigating and litigating the claims in the *Bautista* action, and will continue to commit the work necessary to protect the interests of affected consumers.

The Case Plaintiffs maintain a comparison of their FAC and the *Bautista* Second Amended Complaint ("SAC") shows the *Case* FAC is more detailed, more factually developed, and sets forth more comprehensive theories of liability. They maintain their FAC is 58-page and 198-paragraphs alleging nine causes of action on behalf of a proposed California class and a nationwide class. They argue it is superior to the 21-page *Bautista* SAC which limits its counts to two statutory causes of action against a single defendant in addition to three claims for unjust enrichment, breach of contract and conversion.

Specifically, they argue all five of the *Bautista* causes of action are duplicative of, overlap with, and are subsumed by the claims and causes of action in the *Case* action which includes more specific violations of California law and common law, and seeks additional remedies. They also contend they seek to certify classes far broader in scope than Bautista by including all persons who paid to have access to attend one or more attractions operated by seven affiliated Defendants while the *Bautista* action limits the classes to only claims against Short Breaks and only by persons who purchased goods and services comprised of vacation packages, including hotel rooms.

The Case Plaintiffs further argue the *Bautista* SAC suffers from at least three or more potentially fatal defects, including: (1) failure to reference a misrepresentation regarding the nature of defendant Merlin Entertainments Short Breaks, LLC ("Short Breaks") goods and services and lack of facts regarding the who, what, where, when, and how of Short Breaks' fraudulent business practices and advertising; (2) Short Breaks, the only named defendant in the *Bautista* SAC is a travel agent not an owner or operator of the theme parks or attractions, (3) the classes are limited to persons who purchased goods and services from Short Breaks, and (4) it seeks limited remedies.  On the other hand, they maintain their FAC is a detailed complaint asserting nine causes of action against seven defendants on behalf of broadly described California and nationwide classes and provides numerous examples of the misrepresentations made by Defendants.  If Plaintiff Bautista fails to establish liability against Short Breaks, and/or that the monies paid by the class members were for goods or services, they maintain the *Bautista* action may be dismissed.  In contrast, they contend the *Case* action asserts class claims against not just Short Breaks, but also six other Defendants who are involved in the ownership and operation of the Defendants' attractions in California and nationwide and encompasses persons who paid monies not just for goods or services, but rather to purchase access to attractions throughout the state of California and around the country.

Furthermore, they argue, Bautista's allegations are vague or conclusory in that the SAC fails to reference a misrepresentation and fails to allege the who, what, where, when, and how of Defendant Short Breaks' fraudulent business practices and advertising and fails to name additional defendants. They maintain their FAC provides numerous examples and transcriptions of the false misrepresentations made by Defendants and provides significant detail on the who, what, where, when, and how of such misrepresentations.

The Case Plaintiffs argue the *Bautista* SAC's deficiencies are potentially fatal and could significantly affect the interests of the putative classes.  Because the quality of their pleadings demonstrate counsel's ability to fairly and adequately represent the interests of

1  the class, they argue, the Court should find Marron and Teel are better suited to represent
2  the interests of the putative class members.

3  Bautista maintains the difference in their pleadings is not relevant to issue of
4  appointment of interim counsel.  She argues it is disingenuous and premature for the Case
5  Plaintiffs to argue that their currently proposed broader class definition at the pleading
6  stage means that their counsel would facilitate the greatest class-wide relief because it
7  ignores that interim lead counsel would be responsible for looking after the interests in
8  both cases in terms of the putative class members.  She further argues it is too early to tell
9  whether the broader class definition, which adds defendants involving different theme
10 parks in various states which the Case plaintiffs neither visited nor bought anything from,
11 would survive a Rule 12(b) motion or be certified under Rule 23.2.

12 She further contends the fact that the *Case* FAC is longer does not mean it is of
13 superior quality or that it should be a factor in appointment of interim class counsel on
14 competing motions.  Bautista maintains the fact that there are a few more causes of action
15 asserted in the Case Plaintiffs' FAC is also irrelevant because it does not make her
16 pleadings inadequate and courts should not encourage party plaintiffs in related actions to
17 allege the most allegations possible in hopes of using it to provide an edge in a cross-motion
18 for interim class counsel, particularly when Rule 8 requires "a short and plain statement of
19 the claim" and each allegation must be "simple, concise and direct." FED. R. CIV. P. 8(a)(2),
20 (d)(1).

21 Bautista also argues the allegations are not vague or conclusory but are sufficiently
22 detailed under Rule 8 as well as Rule 9(b) in terms of fraud-based claims under the UCL
23 and are enhanced by the contract attached to the SAC.  She further argues the fact that the
24 *Case* action names more defendants, especially prior to formal discovery, does not and
25 should not give the Court pause in appointing Bautista's counsel as interim class counsel.
26 She contends the dismissal without prejudice of two defendants originally named in the
27 initial Complaint was done after those two defendants submitted to the Court sworn
28

declarations reflecting that they were not proper parties in the action and only after counsel for Bautista met and conferred with counsel for the defendants. If, after discovery, she learns facts that suggest those two defendants are liable for the claims asserted contrary to the sworn declarations provided, Bautista maintains they could easily be added back in the action.

Bautista also contends once appointed as interim counsel after consolidation of the two action, counsel will file a consolidated complaint which will effectively moot the arguments of the Case Plaintiffs as to any differences in the allegations in the two related actions.

### 3. Analysis

Both parties submit evidence of their attorneys' work investigating and identifying claims. The Case Plaintiffs contend their attorneys' work demonstrates they are better suited to represent the class because they prepared a superior complaint with more claims and detail. The quality of pleadings may be considered in determining counsel's ability and adequacy to represent the interests of the class. *See* FED. R. CIV. P. 23(g)(1)(B). Here, the difference in length of the complaints is explained by the fact the Case Plaintiffs assert more claims against more defendants and seek to represent a broader class. It is not clear at this early stage of the proceedings that these differences are superior.

The Case Plaintiffs also attack the SAC filed by Bautista as insufficiently plead and subject to dismissal. They essentially invite the Court to determine whether Bautista's SAC would survive a motion to dismiss. The Court declines to conduct such a review which is more appropriately addressed on a motion to dismiss. A brief review of the complaints demonstrate all counsel have taken steps investigating and identifying their clients' claims.

### B. Counsel's Experience and Knowledge

The Case Plaintiffs contend Marron and Teel have substantial experience handling class actions and other complex litigation, including consumer class actions concerning

9

violations of California's consumer protection laws and particularly relevant knowledge of the legal issues and applicable law in this action. In support, they point to Marron's conduct in obtaining settlements in certified class actions in the Southern District of California and the Central District of California in which the firm was found to have competently prosecuted the action. They also demonstrate Marron was appointed interim class counsel over competing applications and this Court appointed Marron as class counsel finding it was experienced and would fairly and adequately protect the interests of the class in another case before this Court.

The Case Plaintiffs also maintain Mr, Teel has more than three decades of experience in successfully prosecuting, defending, and advising plaintiffs and defendants in complex litigation, including matters pertaining to federal class actions. They maintain he currently serves as counsel for the plaintiffs in complex and class action cases in numerous courts across the country.

Bautista maintains counsel for the Case Plaintiffs have substantially less experience in complex consumer litigation than her counsel. She contends her counsel have substantial experience in litigating claims similar to those asserted here, including class actions involving violations of the CLRA and UCL and extensive knowledge of the applicable law, have a long history of working well together on consumer protection matters and have experience and expertise managing class and complex consumer litigations. Specifically, she maintains Abbas Kazerounian has almost exclusively practiced in the area of consumer rights litigation for over 11 years, has been appointed class counsel in large and complex class action settlements, and is an adjunct professor teaching a course in consumer law at California Western School of Law.

Additionally, she maintains Mr. Friedman is one of the primary managing partners who oversees a majority of the Law Offices of Todd M. Friedman, P.C.'s consumer class actions and the firm has been appointed class counsel in many cases and has achieved over $200,000,000 in class-wide relief for consumers.

A review of counsel's respective declarations demonstrates all proposed interim counsel have extensive experience with consumer class actions and knowledge of the California consumer protection laws at issue in the pending actions. However, Bautista's counsel have more years of experience prosecuting consumer class actions and significant knowledge of the relevant law.

## C.  Commitment of Resources

The Case Plaintiffs contend Marron has the resources necessary to pursue this case and substantial expertise and work-product developed in other similar cases that will benefit the putative class. They maintain Marron's ability to draw from this repository of information will also allow them to streamline the litigation. Similarly, they maintain Teel has substantial experience and resources to adequately represent the Plaintiffs and the proposed classes through the conclusion of this action.

They also maintain Marron has spent millions of dollars in costs and expenses to fund complex class action cases and Mr. Teel has a broad network of support from other peer attorneys who he has worked with before to draw on for litigation support if, and when, it is needed. Because he limits the number of matters he works on at any given time and he has the experience and ability to draw on a deep bench of peer support for flexible staffing needs, Plaintiffs maintain having attorney horsepower for this case will never be an issue. Of the eight matters discussed by Teel in his declaration, they maintain one has received final settlement approval, and two others have been preliminarily approved for settlement.

Additionally, they contend their legal team is on the ground in California, with Marron's offices in San Diego and can provide the necessary knowledge and resources to handle these complex issues for both the California-based and nationwide classes. The Case Plaintiffs also maintain their legal team is appropriately staffed to handle a complex lawsuit of this size and nature and is not overextended pursuing hundreds of class actions across the country in a variety of jurisdictions.

Bautista argues Marron and Teel have less resources and have provided no evidence about their willingness to use their resources. She contends Mr. Teel, who appears to be a sole practitioner, states in his declaration that he relies on support of other law firms, and practices in the areas of impact litigation and human and civil rights and his current work on eight (8) other complex class actions leads to questions about how much time and resources he has to commit to this class action. Bautista further contends Marron and Teel fail to include in their declarations the financial resources they are willing to commit. Although Mr. Marron notes that he is prepared to proceed to trial, she maintains his declaration includes no information about his firm's financial resources or ability or willingness to expend the financial resources necessary in hiring expensive experts, providing class notice, or otherwise prosecuting this action to get it to trial. Similarly, Bautista maintains, Mr. Teel generically states that he has substantial experience and resources but fails to provide any description of those resources or what he expects the necessary resources required in this matter to be that he can meet as a sole practitioner.

Bautista maintains her counsel consists of attorneys from firms with substantial professional and financial resources to litigate this case. She maintains two partners and a senior associate attorney from the Law Offices of Todd M. Friedman and three attorneys from Kazerouni Law Group have been dedicated to this litigation since its inception. Further, she maintains, Kazerouni Law Group has support staff at two different offices in California, San Diego and Costa Mesa, and Friedman has available support staff so that tasks are easily allocated as appropriate among senior partners, junior partners, and associates at both firms.

She further contends her attorneys have demonstrated a willingness and ability to expend the resources necessary to prosecute the class claims, as evidenced by this motion, her motion to intervene, as well as the extensive litigation efforts expended in the *Bautista* Action. She maintains her attorneys are well-versed in the amount of time and finances that are required to litigate a class action of this nature and are fully capable of expending

the resources necessary to prosecute this action effectively and will carefully monitor resource levels to ensure that time and expenses are efficiently utilized to prevent waste and duplication of effort. She contends counsel require their personnel to keep contemporaneous time records and bill their attorneys and staff at rates that are commensurate with their years of practice in the localities in which they practice.

Bautista maintains the Kazerouni Law Group has 18 attorneys and 6 offices around the country, and The Law Offices of Todd M. Friedman has 10 attorneys, with two offices, one in Southern California and one in Chicago.

The Case Plaintiffs suggest Bautista's attorneys may be spreading their resources too thin to effectively commit resources to this action because they are prosecuting numerous class actions around the country,

All attorneys prove themselves willing to commit the resources to this litigation. However, Bautista's attorneys demonstrate their ability to commit significant resources based on their offices and staffs. While the Case Plaintiffs suggest the number of actions Friedman has filed around the county should give the Court pause, there is no indication Bautista's counsel lacks the resources to adequately represent the putative class in this action despite the numerous cases filed across the country. The Court finds this factor weighs slightly in favor of Bautista's counsel.

**D. Other Information as to Whether Counsel Can Adequately Represent the Class**

Bautista contends Marron's conduct as class counsel in *Crystal Hilsley v. General Mills, Inc.*, 3:18-cv-00395-L-BLM (S.D. Cal. 2018) and *Clark v. Hershey Co.,* 2019 WL 913603 (N.D. Cal. Feb. 25, 2019) demonstrates the Case Plaintiffs' counsel will not adequately protect the interests of putative class members. Bautista maintains Marron settled the *Hilsley* action, which alleged the mislabeling of products as containing only natural ingredients and flavors, for $725,000 in attorney's fees and costs and $0 in recovery to the class, with the class to release their substantive rights to sue for damages in exchange for an asterisk to visit a website. Marron also amended the complaint after settlement to

expand the class from a California class to a nationwide class and to add claims in order to prejudice the claims of the competing class members who it did not seek to represent until after it had settled for attorneys' fees only. She further maintains in ruling on the defendant's motion for summary judgment in *Clark*, the court found Marron's clients bought the product prior to the relevant class period and were basing their claims solely on Marron's information rather than actual reliance on the relevant statement as pled in the complaint and ultimately dismissed the putative class's claims. In addition, Bautista contends other courts have appointed a different firm as interim lead counsel over a request by Marron, even where it was the first to file a similar putative class case.

In response, the Case Plaintiffs contend the Ninth Circuit recently affirmed the approval of a similar injunctive relief settlement in *Littlejohn v. Copland*, 819 F. App"x 491, 492 (9th Cir. 2020). Bautista argues the case is distinguishable.

The Case Plaintiffs argue Bautista's ability to adequately protect the interests of the putative class members is called into question in light of her legal team's past litigation history. Specifically, they maintain the Law Office of Todd M. Friedman, P.C. is a class action mill that has over 278 active federal cases, even though its website lists just seven attorneys. They argue Friedman's litigation history, including filing copycat cases, dozens of filings on behalf of the same named plaintiffs and individual settlements in cases styled as putative class actions, shows they are inadequate and will subject it to unique challenges and defenses on class certification regarding its adequacy as class counsel.

Bautista argues, in response, that the characterization as a class action mill is without merit as the Law Office of Todd M. Friedman is a zealous consumer advocate and has been recognized by many courts for its experience and skill. She further maintains the Case Plaintiffs' attack two consumers who served as named plaintiffs in many actions but provide no analysis of the dockets before stating that they settled some of their cases individually. Ms. Bautista contends the consumers should not be attacked for seeking to protect their rights.

Plaintiffs from both actions set forth argument to support that all counsel have engaged in conduct which may subject them to challenges to their adequacy at certification. However, all counsel also demonstrate they have successfully prosecuted class actions. As such, these additional arguments do not weigh in favor of either party.

## CONCLUSION AND ORDER

Both sets of counsel appear qualified to serve as interim counsel. However, Bautista demonstrates her counsel, which has more relevant experience and knowledge and more staff, are better suited to adequately and fairly represent the putative class. Accordingly, IT IS HEREBY ORDERED:

1. The Case Plaintiffs' motion to consolidate and appoint interim class counsel is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to the request to consolidate and DENIED as to the request to appoint interim class counsel.

2. The above-captioned cases are consolidated under the low number case, *Case v. Merlin Entertainments Group U.S. Holding, Inc.*, 20cv1049 JAH-MSB. The parties and the Clerk of Court shall file all future filings in Case No. 20cv01049-JAH-MSB only.

3. Plaintiff Bautista's motion for appointment of interim co-lead counsel is GRANTED. Abbas Kazerounian of Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C., are appointed as interim co-lead counsel for the consolidated action.

4. Interim co-lead counsel shall file a consolidated complaint within fourteen (14) days of the date of this Order. Defendants shall file a response to the consolidated complaint within fourteen (14) days of the filing of the consolidated complaint, in accordance with the Court's Order dated September 29, 2020 (Doc. No. 24).

//

     5.  Defendants' motion to dismiss (Doc. No. 16) is DENIED as moot.

DATED:   March 30, 2021

                                                  _____
                                                  JOHN A. HOUSTON
                                                  United States District Judge