UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LUM, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LEGOLAND CALIFORNIA, LLC, et al.,<br><br>Defendants. | Case No.:  20cv1049-JAH (MSB)<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION AND RELATED DATES [ECF NO. 59]** |

On June 20, 2023, the parties filed a "Joint Motion to Continue Early Neutral Evaluation Conference and Related Dates." (ECF No. 59.)  Due to scheduling conflicts with Defendants' counsel and party representative, the parties ask the Court to continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") from July 10, 2023 to August 16, 2023 or any date thereafter. (Id. at 2–3.)  The parties appreciate the importance of a swift ENE, but explain that Defendants' counsel and party representative have pre-planned travel and business obligations that they cannot postpone. (Id.)  Additionally, the parties request that the deadline to hold the Rule 26(f) conference be continued by two weeks and that all other related dates be continued to August 4, 2023. (Id. at 3–4.)

/ / /

Based on the foregoing, the Court finds good cause and **GRANTS** the Joint Motion. The ENE and CMC initially scheduled for July 10, 2023 are **CONTINUED** to **August 16, 2023** at **1:30 p.m.**, to be held in the chambers of the Honorable Michael S. Berg, United States Magistrate Judge, **located at 221 West Broadway, second floor, San Diego, California, 92101.**  All discussions at the ENE will be informal, off-the-record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  The following rules and deadlines apply:

    1.    **Personal Appearance of Parties Required**:  All named parties, party representatives, claims adjusters for insured defendants, and the principal attorney(s) responsible for the litigation must be present **in person** and prepared to discuss and resolve the case.  Counsel appearing without their clients (whether counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

    2.    **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside corporate counsel must not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the ENE has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and agree to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

official(s) having ultimate settlement authority.

      3.    **Confidential ENE Statements Required**:  No later than **August 9, 2023**, the parties must submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential ENE statements. The ENE statement is limited to **five pages or less, and up to five pages of exhibits or declarations.**  Each party's ENE statement must outline (1) the nature of the case and the claims, (2) position on liability or defense, (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.

If a party cannot make a specific demand or offer at the time the ENE statement is submitted, then it must state why a demand or offer cannot be made.  Further, the party must explain when they will be prepared to state a demand or offer.  A general statement, such as a party will "negotiate in good faith," is <u>not</u> a specific demand or offer.  The ENE statement should be submitted confidentially and need not be shared with other parties.

      4.    **New Parties Must be Notified by Plaintiff or Plaintiffs' Counsel**:  Plaintiffs' counsel must give notice of the ENE to parties responding to the complaint after the date of this notice.

      5.    **Case Management Conference**:  If the case does not settle during the ENE, the Court will conduct a Case Management Conference ("CMC").  In preparation for the CMC, the parties must do the following:

    a.    Meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **August 2, 2023**;

    b.    File a Joint Discovery Plan no later than **August 9, 2023**.  Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Scheduling Order.  The Joint Discovery Plan must be one document and must cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3).  In addition, the Joint Discovery Plan must include

the following:

      i. **Service**: A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

      ii. **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

      iii. **Protective Order**: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

      iv. **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

      v. **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

      vi. **Electronic Discovery**: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

      vii. **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes; and

      viii. **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

    c. Exchange initial disclosures pursuant to Rule 26(a)(1)(A-D) no later than **August 9, 2023**.

      **6.**      **Requests to Continue an ENE**: Local Rule 16.1(c) requires that an ENE take place within forty-five days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court.  **Absent good cause, requests for continuances will not be considered unless submitted <u>in writing</u> no fewer than seven calendar days prior to the scheduled conference**.

      **IT IS SO ORDERED**.

Dated:  June 21, 2023

Honorable Michael S. Berg
United States Magistrate Judge