# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY LAMAR, and JESSICA BAUTISTA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS INC, et. al,<br><br>Defendants. | Case No.: 20cv01049 JAH-MSB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE WITH LEAVE TO AMEND [Doc. No. 58]** |

## INTRODUCTION

Pending before the Court is Plaintiffs' motion to strike affirmative defenses in Defendants' answer pursuant to Federal Rules of Civil Procedure 12(f). (Doc No. 58). Defendants filed an opposition, and Plaintiffs filed a reply. (Doc. Nos. 61, 63). After a review of the parties' submissions and for the reasons discussed below, the Court GRANTS Plaintiffs' motion.

//
//
//
//

## BACKGROUND

On April 13, 2021, Plaintiffs filed a consolidated complaint against Legoland California and Merlin Entertainments Short Breaks LLC and others.[1] (Doc. No. 3). On April 27, 2021, Defendants filed a motion to dismiss, which this Court granted in part and denied in part and provided Plaintiffs an opportunity to amend. (Doc. Nos. 38, 49). Plaintiffs filed a notice of their intent not to amend the consolidated complaint, and Defendants filed their Answer on May 26, 2023 and asserted seventeen affirmative defenses. (Doc. Nos. 53, 56). On June 16, 2023, Plaintiffs filed the instant motion to strike.

## DISCUSSION

Plaintiffs originally sought an order striking four of the Defendants' affirmative defenses—the First, Third, Sixth, and Seventeenth defenses—which Defendants subsequently opposed. (Doc. Nos. 58, 61). Plaintiffs, in reply, withdrew their challenge to three of the four affirmative defenses. (Doc. No. 63 at 8). Plaintiffs continue to challenge the sufficiency of the Third affirmative defense, which asserts laches, waiver, ratification, and estoppel. (*Id.*). Accordingly, the Court will only address Plaintiffs' challenge to the Third affirmative defense.

### I.   Legal Standard

A party may move to strike from a pleading "an insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues prior to trial." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *See LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1037

---

[1] Defendants Madam Tussauds Hollywood, Madam Tussauds San Francisco, San Francisco Dungeon, or Legoland Discovery Center San Jose were dismissed for lack of standing. (*See* Doc. No. 49).

(C.D. Cal. 1998); *See also Colaprico v. Sun Microsystems*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). Fair notice "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

## II.   Analysis

### A.   Fair Notice

Plaintiffs maintain Defendants' Third affirmative defense fails to provide Plaintiffs with fair notice and should be stricken without prejudice. Plaintiffs argue Defendants fails to specify the particular causes of action to which this affirmative defense relates, leaving Plaintiffs guessing whether it is asserted in response to the breach of contract claim, the money had and received claim, the unjust enrichment claim, or all claims. Plaintiffs also argue while Defendants identify the legal doctrines at issue, they fail to put Plaintiffs on notice of the facts supporting these doctrines. Plaintiffs urge this Court to follow the reasoning in *Kohler v. Staples the Office Superstore, LLC* and find that Defendants provide no basis for their assertion of laches, waiver, and estoppel, and strike Defendants' affirmative defense.

Defendants contend the affirmative defense at issue provides fair notice. Relying on *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, 2012 WL 177576, (C.D. Cal. Jan. 20, 2012), Defendants contend a lenient standard under Rule 8 of the Federal rules of Civil Procedure is required for affirmative defenses, and, as such, a boilerplate recitation will suffice. Defendants maintain the fair notice standard is forgiving because a defendant cannot be expected to set forth detailed facts supporting each defense before discovery has commenced. Defendants contend Plaintiffs fail to identify authority requiring Defendants to specify each of the claims to which the affirmative defense pertains. Defendants further

1  maintain the affirmative defense would bar all of Plaintiffs' claims. Defendants maintain,
2  striking the affirmative defense would serve no purpose but to delay this action further.
3  Even if this Court should strike the affirmative defense, Defendants argue, any deficiencies
4  could be easily cured through amendment.

5      In reply, Plaintiffs argue, merely alleging in a conclusory manner that Plaintiffs'
6  claims are barred without any factual explanations cannot suffice because fair notice
7  requires Defendants to state the nature and grounds for the affirmative defense. Plaintiffs
8  maintain courts applying the fair notice standard have stricken similar well-established
9  defenses given their failure to set forth any supporting factual allegations. Plaintiffs argue
10 the Third affirmative defense amounts to boilerplate defenses that fail to provide fair notice
11 to Plaintiffs.

12     The Ninth Circuit has not addressed whether "fair notice" requires an affirmative
13 defense meet the heightened pleading standard of *Twombly* and *Iqbal*. There is a split
14 among district courts in the Ninth Circuit as to whether the plausibility pleading standard
15 of *Twombly* and *Iqbal* applies. *Compare Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d
16 1046, 1049 (N.D. Cal. 2004) ("Affirmative defenses are governed by the same pleading
17 standard as complaints."); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
18 718 F.Supp.2d 1167, 1171-72 (N.D. Cal. 2010) (adopting heightened pleading standard for
19 affirmative defenses); *Hartford Underwriters Ins. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575
20 (N.D. Cal. 2016) ("[T]he pleading standards of *Iqbal* and *Twombly* apply to affirmative
21 defenses . . ."); and *Martinez v. County of Sonoma*, 2016 WL 1275402, at *1 (N.D. Cal.
22 Apr. 1 2016) (applying the plausibility standard to affirmative defenses) *with Enough for*
23 *Everyone, Inc. v. Provo Craft and Novelty, Inc.*, 2012 WL 177576, at *2 (C.D. Cal. Jan.
24 20, 2012) (concluding "the *Twombly/Iqbal* heightened pleading standard does not apply to
25 pleading affirmative defenses."); *Rosen v. Mktg. Grp., LLC*, 222 F.Supp.3d 793, 802 (C.D.
26 Cal. 2016) (holding "that an affirmative defense must be supported by at least some facts
27 indicating the grounds on which the defense is based, but need not include facts sufficient
28 to demonstrate plausible entitlement to relief."); *BLK. Brands LLC v. Five Tran Investment*

*Group, LLC*, 2021 WL 3077949, at *4 (C.D. Cal. Apr. 7, 2021) (stating that the fair notice standard for pleading affirmative defenses is fairly low); and *White v. University of Washington*, WL 3582395, at *5 (W.D. Wash. May 22, 2023) (declining to adopt the heightened plausibility pleading standard for asserting an affirmative defense).

The Court is persuaded by district court cases finding boilerplate statements plus some additional facts indicating the basis of the defense meet the fair notice standard. This is supported by the Ninth Circuit language in *Kohler v. Flava Enterprises* requiring only "general terms." Defendants' Third affirmative defense states, "Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, ratification, and/or estoppel." (Doc. No. 56 at 56). Without additional facts indicating the grounds supporting the defense, Defendants' Third affirmative defense does not meet the fair notice standard.

**B. Prejudice**

Defendants argue Plaintiffs will suffer no prejudice as a result of the affirmative defense remaining in the action, and the lack of prejudice, alone, is enough to deny the motion. Defendants contend Plaintiffs fail to address that courts routinely hold a mere increase in discovery costs is insufficient to establish prejudice, and discovery that would support these affirmative defenses will be conducted regardless of whether these affirmative defenses remain or are amended. Defendants maintain courts generally deny motions to strike when there is no resulting prejudice even when the affirmative defense is technically improper.

Plaintiffs argue that this Court should decline to impose a prejudice requirement. Even if the Court imposed a prejudice requirement, Plaintiffs argue they would be prejudiced if Defendants' affirmative defense is not stricken because it would require unneeded written discovery, unnecessary topics of oral examination, and increase the discovery burden on Plaintiffs. Plaintiffs contend, narrowing the issues raised in discovery saves time and expense on both written discovery and oral deposition testimony. Plaintiffs further contend they may suffer prejudice because the insufficiently asserted defense may lead to confusion at trial and pretrial matters if not stricken at this stage. Plaintiffs contend,

striking is appropriate if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." Plaintiffs argue Defendants cannot support their assertion that increased discovery needs are insufficient to establish prejudice because the only case Defendants cite to for that proposition is wholly inapposite in *Zeiger v. Wellpet LLC*, 526 F.Supp.3d 652 (N.D. Cal. 2021).

Rule 12(f) does not require a showing of prejudice and no Ninth Circuit authority requires a showing of prejudice to prevail on a Rule 12(f) motion. However, some district courts will require a showing of prejudice before granting relief under Rule 12(f) because motions to strike are generally disfavored and often used as a delay tactic. *See Greenwich Ins. Co. Rodgers*, 729 F.Supp.2d 1158, 1162 (C.D. Cal. 2010); *Gaines v. AT&T Mobility Servs., LLC*, 424 F.Supp.3d 1004, 1014 (S.D. Cal. 2019); *Rivers v. County of Marin*, 2006 WL 581096, at *2 (N.D. Cal. March 7, 2006). Defendants indicate Plaintiffs may be using the motion to strike to create some leverage before the parties' ENE or only to drive up the costs of litigating in this case. Defendants' mere suggestion is insufficient to support the argument Plaintiff is engaging in a delay tactic.

**C. Leave to Amend**

Defendants seek leave to amend, in the event the Court grants the motion to strike. The Court finds it appropriate to grant Defendants leave to amend. *See Wyshak*, 607 F.2d at 826.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to strike (Doc. No. 58) is **GRANTED**. Defendants' Third affirmative defense is stricken.

//
//
//
//
//

2. Defendants may amend the Third affirmative defense on or before **September 22, 2023**.

DATED: September 6, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE